IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-41478
Conference Calendar

_____

ANDREW WILLIAMS, JR.,

Plaintiff-Appellant,

versus

PORT ARTHUR POLICE DEPARTMENT;
JEFFERSON COUNTY CORRECTIONAL FACILITY,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:00-CV-170
--------------------
August 23, 2001

Before KING, Chief Judge, and POLITZ and PARKER, Circuit Judges.

PER CURIAM:[*]

Andrew Williams, Jr., Texas prisoner # 636449, appeals from the district court's dismissal of his civil rights complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Williams' suit was construed by the district court to be against the City of Port Arthur and Jefferson County. Williams did not allege, however, that any official policy or custom caused the alleged violation of his constitutional rights by Police Officer Courts. <u>See</u> <u>Monell v. Department of Soc. Servs.</u>, 436 U.S. 658, 690 (1978).

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Williams argues that the failure to properly train police officers is a policy or custom giving rise to liability under 42 U.S.C. § 1983.  However, Williams did not allege in his complaint a claim for failure to train, and he did not seek to amend the complaint.  Moreover, Williams has not identified any policymaker responsible for training police officers nor has he argued that a failure to train directly caused his alleged constitutional deprivation.  See Piotrowski v. City of Houston, 237 F.3d 567, 578-79 (5th Cir. 2001); Brown v. Bryan County, OK, 219 F.3d 450, 457 (5th Cir. 2000), cert. denied, 121 S. Ct. 1734 (2001).

This appeal is without arguable merit and thus frivolous. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983).  Because the appeal is frivolous, it is DISMISSED.  5th Cir. R. 42.2.  The district court's dismissal of Williams' complaint and this court's dismissal of the appeal as frivolous count as two strikes for purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996).  Williams is CAUTIONED that if he accumulates three strikes under 28 U.S.C. § 1915(g), he will not be able to proceed in forma pauperis (IFP) in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; SANCTIONS WARNING ISSUED.